FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GOLF INTERNATIONAL, DBA Desert Canyon Golf, | No. 14-72234 |
| Petitioner, | Agency No. 13A00074 |
| v. | MEMORANDUM[*] |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016[**]
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Appellant Golf International petitions for review of an order of the Office of

the Chief Administrative Hearing Officer, Immigration and Customs Enforcement,

imposing an employer sanction of $57,650 against Golf for 129 violations of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration and Nationality Act § 274A, 8 U.S.C. § 1324a(a)(1)(B). We deny the petition.

The Administrative Law Judge's decision to impose a fine of $57,650 against Golf was not arbitrary and capricious. An ALJ's order for civil money penalties for violations of 8 U.S.C. § 1324a(a)(1)(B) is governed by 8 U.S.C. § 1324a(e)(5) and 8 C.F.R. § 274a.10(b). Under 8 U.S.C. § 1324a(e)(5), consideration must "be given to the size of the business of the employer being charged, the good faith of the employer, the seriousness of the violation, whether or not the individual was an unauthorized alien, and the history of previous violations."

The ALJ properly considered these factors and found that Golf was a small business with no history of previous violations, that only three of the employees were unauthorized aliens, and that there was no bad faith on Golf's part, but that all 129 of Golf's violations were serious. The ALJ concluded that, "[a]part from the seriousness of the violations . . . the statutory factors otherwise incline in Golf's favor," thus, the ALJ rejected the penalty amounts proposed by ICE, which were "near the maximum permissible," and instead made a downward adjustment for each proposed fine, for a total penalty of $57,650. We conclude that the ALJ properly considered the relevant statutory factors and did not make a clear error of

2

judgment in imposing the fine she did against Golf. We therefore deny Golf's petition because the ALJ's fine was not arbitrary and capricious.

**PETITION DENIED.**